IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TONY L. LOVE,** **#R45268,** **Plaintiff,** v. **IDOC,** *et al.*, **Defendants.** | Case No. 21-cv-00073-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      Plaintiff Tony Love commenced this action pursuant to 42 U.S.C. § 1983 alleging that he was not provided adequate mental health treatment and kept in his cell for extended periods of time while incarcerated at Stateville Correctional Center and Shawnee Correctional Center. (Doc. 1). On January 19, 2021, the Court issued an order directing the parties to file a Notice Regarding Magistrate Judge Jurisdiction form indicating consent to proceed before a magistrate judge or an affirmative declination to consent. (Doc. 4). Love failed to return the form within the allotted time, and so, the Court issued another order on February 10, 2021, giving Love seven additional days to return the form. Love was warned that failure to comply with the Court's Order may result in possible sanctions. (Doc. 9). Love failed to provide the form, and he was directed to show cause by March 10, 2021, why sanctions should not be imposed for ignoring the Court's directive and failing to comply with Administrative Order No. 257 by not returning the form. (Doc. 11).

      As of today, Love has not returned the form or responded to the Court's directive to explain why sanctions should not be imposed. In fact, the Court has not heard from Love since January 26, 2021, when he filed his prisoner trust fund account statement. (Doc. 7). Love has ignored the Court's directives and has failed to actively prosecute his claims. *See* FED. R. CIV. P. 41(b). The

Court will not allow this matter to linger indefinitely.

For these reasons, this action is **DISMISSED** without prejudice, based on Love's failure to comply with the Court's orders to file a Notice and Consent form and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). All pending motions are **DENIED as moot**.

Love is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Love wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal in forma pauperis. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Love may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   May 14, 2021**

                                                        _s/Stephen P. McGlynn_
                                                        **STEPHEN P. MCGLYNN**
                                                        **United States District Judge**